IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

JAMES C. SMITH                                                                                          PETITIONER
ADC #83395

v.                          CASE NO.: 5:10CV00319 JLH/BD

RAY HOBBS, Director,
Arkansas Department of Correction                                                      RESPONDENT

## RECOMMENDED DISPOSITION

I.   **Procedure for Filing Objections**

The following recommended disposition has been sent to Chief United States District Judge J. Leon Holmes. You may file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the Recommended Disposition. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

    Clerk, United States District Court
    Eastern District of Arkansas
    600 West Capitol Avenue, Suite A149
    Little Rock, AR 72201-3325

For the reasons that follow, the Court recommends that the District Court dismiss Petitioner's Petition for Writ of Habeas Corpus (#2) without prejudice under Rule 4 of the Rules Governing Section 2254 Cases, as an unauthorized second or successive petition.

## II.  Background

On May 12, 2006, a Randolph County Circuit Court jury found Petitioner guilty of ten counts of rape.  He is currently serving a twenty-year aggregate prison sentence as a result of the conviction.  Petitioner did not initially seek direct review of the conviction or sentence.

On September 12, 2007, Petitioner filed a petition for post-conviction relief under Rule 37 of the Arkansas Rules of Criminal Procedure.  On October 16, 2007, the Randolph County Circuit Court dismissed the Rule 37 petition as untimely.  On October 27, 2008, Petitioner filed a motion for belated appeal with the Supreme Court of Arkansas, challenging his May 12, 2006 conviction.  *Smith v. State*, No. CR 08-1238, 2009 WL 485296 (Ark. dismissed Feb. 26, 2009).  He filed an amended motion for belated appeal on January 5, 2009.  The Supreme Court of Arkansas dismissed the motion and amended motion on February 26, 2009, finding the motions untimely.  *Id*.  The Court noted that Petitioner could have filed a motion for belated appeal up until November 12, 2007, but not after that date.

On January 4, 2010, Petitioner filed a petition for writ of habeas corpus with this Court under 28 U.S.C. § 2254, challenging his conviction and sentence.  This Court

dismissed the petition with prejudice on June 7, 2010, because all of Plaintiff's claims were barred by the one-year limitations period set forth in the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2244(d)(1).[1]  See *Smith v. Hobbs*, 5:10-CV-00002 JLH-BD (E.D. Ark. filed January 4, 2010).

Petitioner has now filed another petition for writ of habeas corpus under 28 U.S.C. § 2254, again challenging his conviction and sentence in Randolph County Circuit Court.

### III. Second or Successive Petition

Title 28 U.S.C. § 2244(b)(1) requires the court to dismiss any § 2254 claims that were presented in a prior habeas petition.  A petitioner attempting to bring a "second or successive" federal habeas petition challenging a state-court conviction must first "move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).

A panel of the court of appeals may authorize the filing of a successive petition "only if it presents a claim not previously raised that satisfies one of the two grounds articulated in § 2244(b)(2)."  *Burton v. Stewart*, 549 U.S. 147, 153, 127 S.Ct. 793, 796 (2007).  A § 2254 claim presented in a second or successive petition, which was not presented in a prior petition, must be dismissed unless:

---

[1] Petitioner has filed a notice of appeal with the Eighth Circuit Court of Appeals challenging the Court's dismissal of his petition, and a motion to proceed *in forma pauperis* on appeal is pending.  See *Smith v. Hobbs*, 5:10-CV-00002 JLH-BD (E.D. Ark. filed January 4, 2010).

>(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).  A district court is without jurisdiction to consider a successive petition until authorized by the court of appeals.  *Burton*, 549 U.S. at 153.

The current petition challenges the same judgment as the prior petition, but Petitioner appears to raise new claims.  He has not sought authorization from the Eighth Circuit Court of Appeals, however, to bring the new claims in a successive petition.  His current petition requires prior authorization by the Eighth Circuit Court of Appeals under § 2244(b), and this Court is without jurisdiction to consider the claims until the Eighth Circuit grants Petitioner leave to proceed.  See *Burton v. Stewart*, 127 S.Ct. at 796 (concluding a habeas application filed after a previously adjudicated application was a second or successive application, which had not been authorized by the appropriate court of appeals, and thus the district court lacked jurisdiction to entertain it).

### IV.   Conclusion

The Court recommends that the District Court dismiss the Petition for Writ of Habeas Corpus (#2) without prejudice for lack of jurisdiction pursuant to Rule 4 of the

Rules Governing Section 2254 Cases and deny the Motion for Leave to Proceed *In Forma Pauperis* (#1) as moot.

DATED this 8th day of November, 2010.

_____
UNITED STATES MAGISTRATE JUDGE